UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| BLANCA I. SUAREZ-NIEVES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>Defendant. | Civil No. 11-1408 (JAF) |

**OPINION AND ORDER**

Claimant petitions this court under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Claimant's application for disability benefits. (Docket No. 1.) Commissioner files a memorandum defending the denial (Docket No. 27), and Claimant files a memorandum challenging it (Docket No. 23).

**I.**

**Background**

We derive the following facts from the transcript of the record in this case ("R."). Claimant was born on December 6, 1956. (R. at 245.) Claimant has a ninth-grade education, and has worked as a fast-food employee at Pollo Tropical. (R. at 33.)

Claimant alleges that she has suffered from pain in her elbows, shoulders, back, and knees for several years. (Docket No. 23 at 2.) The earliest symptoms that appear in the record

Civil No. 11-1408 (JAF)                                                                                           -2-

are from 2002, when Claimant visited the State Insurance Fund for pain in her elbows after a fall. (R. at 119.) Claimant has seen many different doctors for these ailments since 2002. (R. at 2–3.) Claimant also alleges that she suffers from mental and emotional problems. (R. at 4–5.) She reported feeling anxious and depressed about her sons' criminal activities, among other feelings. (R. at 4.)

On December 13, 2006, Claimant applied for Social Security disability benefits. (R. at 226–28.) She claimed that she was disabled under the Social Security Act, 42 U.S.C. § 416 and 423 ("Act") on account of back pain, an emotional condition, and a condition in her shoulders. (R. at 85.) On April 12, 2007, Commissioner determined that Claimant was not disabled and, accordingly, was not entitled to disability benefits under the Act.[1] (Id.)

Claimant requested a hearing before an administrative law judge ("ALJ") (R. at 25), which took place before ALJ Gilbert Rodríguez, on January 9, 2009 (R. at 30–47). Claimant attended the hearing with counsel and testified regarding her alleged disability. (Id.) On the basis of that testimony and evidence discussed below, the ALJ rendered a decision on March 20, 2009, determining that Claimant is not disabled and denying her benefits under the Act. (R. at 13–29.) Claimant requested review of the ALJ decision from the Appeals Council and, on April 11, 2011, the Appeals Council denied that review. (R. at 1–9.) Finally, on May 2, 2011, Claimant filed the instant case for judicial review of Commissioner's decision. (Docket No. 1.)

---

[1] Based on the earnings posted in Claimant's record, she had to show that she was disabled on or before June 30, 2008, when Claimant last met the Act's insured status requirement, as determined by 20 C.F.R. § 404.130–31. (R at 21.)

## II.

## **Standard of Review**

An individual is disabled under the Act if she is unable to do her prior work or, "considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). We must uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).

Our review is limited to determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1981). We reverse the ALJ if we find that he derived his decision "by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all evidence in the record. 20 C.F.R. § 404.1520(a)(3).

Civil No. 11-1408 (JAF) -4-

The Act outlines a five-step inquiry to determine whether a claimant is disabled. Step one focuses on the claimant's work activity; if claimant is "doing substantial gainful activity," he will be found "not disabled." § 404.1520(a)(4). Step two determines whether a claimant's impairment(s) meet(s) the Act's severity and duration requirements. Id. A claimant bears the burden of proof "at step one of showing that he is not working, [and] at step two that he has a medically severe impairment or combination of impairments . . . ." Bowen v. Yuckert, 482 U.S. 137, 146 n.5, (1987). The ALJ found Claimant had a severe combination of impairments, citing back pain and an emotional condition. (R. at 22.) The ALJ then proceeded to step three. (Id.)

Step three asks whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, subpart P. § 404.1520(d). If the claimant does not have an impairment equaling one of those listed impairments, see id., the inquiry proceeds to step four. At step four, the ALJ first must determine the claimant's residual functional capacity ("RFC"). § 404.1520(e). Next, the ALJ asks whether the claimant has the RFC to perform the requirements of her past relevant work. § 404.1520(f). If the claimant is able to perform her past work, she is not considered disabled. Id. The burden is on the claimant, under steps one through four, to prove that she cannot return to her former employment because of the alleged disability. Santiago v. Sec'y of Health and Human Servs., 944 F.2d 1, 5 (1st Cir. 1991).

In this case, the ALJ found at step three that Claimant did not have an impairment equaling one of the impairments listed in 20 C.F.R. Part 404, subpart P. (R. at 22–23.)

Civil No. 11-1408 (JAF) -5-

Proceeding to step four, the ALJ then found that Claimant had a RFC allowing her to perform medium work. (R. at 24–27.) Based on that finding, the ALJ found Claimant was able to return to her past work as a fast food employee. (R. at 28.)

## III.

## Analysis

Claimant alleges that the ALJ improperly determined that Claimant was able to return to her past work. (Docket No. 23 at 9.) Specifically, Claimant argues that testimony from a vocational expert was required for the ALJ to make his findings; that her limitations prevented her from returning to her past work; and that the ALJ did not take into account all of the medical evidence in Claimant's history. (Id. at 10–12.) After addressing each argument in turn, we find that the ALJ's opinion rests on "substantial evidence," and we affirm.

Claimant argues that the ALJ's opinion failed to comply with a requirement that called for live testimony from a vocational expert. (Id. at 10–11.) Unfortunately for Claimant, no such requirement exists at step four of the evaluation process. See Rivera-Ramos v. Astrue, No. 10-1102, 2011 WL 2650698, at *10 (D.P.R. Mar. 16, 2011) ("[A]t step 4 of the disability determination process . . . the ALJ is not required to elicit the testimony of a vocational expert.") (quoting Santos Martinez v. Sec'y of Health & Human Servs., No. 94-2152, 1995 U.S. App. LEXIS 10434, at *5 (1st Cir. May 9, 1995) (per curiam)).

Claimant next challenges the ALJ's determination that Claimant's RFC allowed her to perform her past relevant work. (Id. at 12.) She points to limitations that she says make her

Civil No. 11-1408 (JAF)                                                                                          -6-

unable to return to her past work as a fast food employee. (Id. at 11.) Specifically, Claimant argues that pain in her back and legs allows her to stand for only six hours a day during an eight-hour shift, and that she suffers from mental impairments. (Id.) Both arguments are unavailing.

The record shows that the ALJ considered Claimant's alleged symptoms and limitations in depth. (R. at 22–28.) After an extensive review of these symptoms and the medical evidence in Claimant's record, the ALJ found that "the claimant's medically determinable impairments could produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are neither entirely credible, nor consistent with or supported by the preponderance of the medical and other evidence in the record." (R. at 27.) This determination was well within the ALJ's power to make, and we see no reason to doubt its soundness. See SSR 96-7p, 1996 WL 374186 (July 2, 1996) (requiring that findings on credibility be supported by "specific reasons" and record evidence).

The ALJ gave numerous reasons for finding Claimant's allegations of mental impairments lacking in credibility. The ALJ described her consistently "alert, logical, relevant, coherent" demeanor; her ability to relate well to neighbors and relatives; regular church attendance; lack of suicidal or homicidal ideas; and absence of any limitations on daily living, among other reasons. (R. at 25–27.) Similarly, the ALJ provided many specific reasons why Claimant's allegations of physical pain were not credible: Claimant was observed as having "good strength and coordination"; able to sit, stand, walk, push and pull; and suffering from no postural, manipulative, environmental, visual or communicative limitations.  (R. at 26.)

Moreover, the ALJ's opinion was consistent with the findings of the state agency physicians who examined Claimant and found her able to perform daily activities without limitation. (R. at 26, 28.) This level of detail and specificity satisfied the applicable requirements under SSR 96-7p, 1996 WL 374186 (July 2, 1996). See Delgado-Benitez v. Astrue, No. 10-2065, 2012 WL 1110157, at *10 (D.P.R. Mar. 30, 2012) (citing SSR 96-7p) (affirming ALJ finding that claimant's allegations of pain lacked credibility).

Claimant next argues that because she is able to stand for only six hours of an eight-hour shift, she is unable to return to her past work. (Docket No. 23 at 9.) We reject this argument as well. For guidance, we turn to SSR 82-61, 1982 WL 31387 (1982), and 82-62, 1982 WL 31386, at *4 (1982). The ALJ cited both Regulations in his opinion. (R. at 28.) SSR 82-62 requires the ALJ to make: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job. SSR 82-62, 1982 WL 31386, at *5 (1982). SSR 82-61 provides that a claimant will be found "not disabled" if the ALJ determines that the claimant: "retains the RFC to perform: 1) The actual functional demands and job duties of a particular past relevant job; *or* 2) The functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387 (1982) (emphasis in original).

In this case, the ALJ complied with both regulations. He made a finding of fact "that the claimant has the exertional and non-exertional residual functional capacity for medium skilled,

Civil No. 11-1408 (JAF) -8-

simple, routine and repetitive skilled work activity." (R. at 28.) This RFC is "fully compatible with the demands" of Claimant's past work as a fast food employee. Id. The ALJ found that Claimant could perform her past work "as it is generally performed in the regional and national economies."[2] (Id.) This finding is consistent with the description of "Fast-Foods Worker" in the Department of Labor's Dictionary of Occupational Titles ("DOT"). See DOT 311.472-010. That job requires only "light" exertion level and a "medium" RFC. Id. The ALJ was allowed to rely on the DOT to make such a finding. See § 404.1560(b)(2) (authorizing reliance on Dictionary of Occupational Titles); see also Caban-Ortiz v. Astrue, 173 Soc. Sec. Rep. (CCH) 57, 2011 WL 6300665, at *7 (D.P.R. Dec. 16, 2011) (same).

Finally, Claimant argues that the Commissioner did not take account of all of the medical evidence in her record. (Docket No. 23 at 12.) Specifically, Claimant points to her trips to San Patricio Hospital in 2008, as well as evidence that she had been receiving treatment at the San Patricio Mental Health Center since 2005. (Id.) This evidence did not form a part of the psychiatric evaluation that a state agency psychiatrist, Dr. Carlos Vázquez, completed in 2007. (Id.) In response, the Commissioner points us to Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1989). (Docket No. 27 at 13.) In Evangelista, the First Circuit stated that "[t]he basic idea which claimant hawks—the notion that there must always

---

[2] The ALJ also found that claimant was capable of performing her past work as she actually performed it. (R. at 28.) Because that finding is not necessary to find Claimant not disabled, see SSR 82-61, 1982 WL 31387 (1982), we need not address it. The Regulations provide that a claimant will be found not disabled if the ALJ finds either that he could perform his past work as he actually performed it, or as that job is generally performed. 20 C.F.R. § 404.1560(b)(2). The ALJ's finding that Claimant could perform his past work as it is generally performed was sufficient to find Claimant not disabled. Caban-Ortiz v. Astrue, 173 Soc. Sec. Rep. (CCH) 57, 2011 WL 6300665, at *7 (D.P.R. Dec. 16, 2011).

Civil No. 11-1408 (JAF) -9-

be some super-evaluator, a single physician who gives the factfinder an overview of the entire case—is unsupported by the statutory scheme, or by the caselaw, or by common sense, for that matter." 826 F.3d at 144. We agree. In this case, the ALJ considered all of the evidence, including Claimant's treatment at San Patricio Mental Health Center since 2005 and a 2008 diagnosis of a depressive disorder. (R. at 26–27, 366.) No more was required. See Evangelista, 826 F.2d at 144 (emphasizing an ALJ's powers to "piece together the relevant medical facts from the findings and opinions of multiple physicians").

## IV.
### Conclusion

For the reasons stated above, we **AFFIRM** the Commissioner's decision finding Claimant not disabled. We **DENY** Claimant's petition (Docket No. 1) and **DISMISS WITH PREJUDICE** all claims therein.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of May, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
U.S. District Judge